Eric W. Kem (CA Bar No. 300666)
Law Offices of Eric W. Kem, P.A.
2233 NW 41st St., Suite 700-H
Gainesville, FL 32606
Telephone: 352-275-7151
Facsimile: 844-536-2476
ekem@kemlawfirm.com

Scott D. Owens (Fla. Bar No. 0597651)*
Scott D. Owens, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, FL 33091
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com
*pro hac vice pending

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

LYNN LAING, Individually and
on behalf of a Class of Similarly
Situated Individuals,

       *Plaintiff*,

            vs.


WELLS FARGO BANK, N.A.,
a National Association,

       *Defendant.*
_____/

'17 CV 2072 WQH JLB

**CLASS ACTION**

**JURY TRIAL DEMANDED**

Plaintiff LYNN LAING ("Plaintiff"), through her attorneys, on behalf of herself and all others similarly situated, alleges on personal information and upon information and belief based upon, *inter alia,* the investigation made by and through her attorneys, as follows:

## INTRODUCTION

1.      This is an action for damages under 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA"). The allegations herein directly involve the substantive privacy rights the TCPA was enacted to protect. Specifically, WELLS FARGO BANK, N.A. ("Wells Fargo" or "Defendant") persisted for years in the abusive practice of placing automated calls to LYNN LAING's ("Plaintiff") cellular and residential telephone numbers notwithstanding her repetitive communications that Defendant had reached the wrong number and that she did not wish to receive further calls.

## JURISDICTION AND VENUE

2.      This Court has federal question subject matter jurisdiction over the claims in this case under 28 U.S.C § 1331. The TCPA is a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 753, 565 U.S. 368, 181 L. Ed. 2d 881 (2012). (Federal courts have § 1331 jurisdiction over claims that arise under federal law).

3.      Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Defendant conducts business in this district and its contacts here are sufficient to subject it to personal jurisdiction.

## PARTIES

4.      Plaintiff LYNN LAING ("Plaintiff") is a natural person who, at all times relevant herein, is and was a resident of Vista, California.

CLASS ACTION COMPLAINT FOR DAMAGES -.2

5.      Defendant WELLS FARGO BANK, N.A. ("Wells Fargo") is a national association whose principal office is located at 101 N Phillips Avenue, Sioux Falls, South Dakota 57104 and whose registered agent for service of process in the State of California is Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Dr. Ste. 150N Sacramento, CA 95833.

## FACTUAL ALLEGATIONS

6.      Plaintiff, at all times relevant herein, is and was the user, with sole dominion and control, of a cellular telephone assigned the number, ###-###-1014 and of her landline telephone number ###-###-6522.

7.      On or about February 2010, Plaintiff started receiving unsolicited autodialed calls on both her cellular telephone and landline phone from multiple different telephone numbers all assigned to Wells Fargo.

8.      The telephone calls Plaintiff received regarded a home loan for "Ruth Phillips." Wells Fargo was offering to lower the price or refinance a home mortgage.

9.      Defendant also left some voice records on Plaintiff's voice mail box, one of which had the following content:

> Hi Ruth, good afternoon, Ida Clairemont with Wells Fargo. I just wanted to thank you again for banking with us. I just wanted to see if everything is okay with regard to your mortgage. I was looking at your mortgage and it looks like we can possibly reduce that rate for you. If you want to do maybe a free annual mortgage review. If you want to do that please give a call back.

10.      The calls Defendant placed or caused to be placed qualify therefore as telemarketing calls where Defendant was offering its services.

11.      Plaintiff heard a "click" at the beginning of each call, followed by the voice of the operator indicating that the system used to place the calls was an autodialer.

CLASS ACTION COMPLAINT FOR DAMAGES -.3

12.     At no point in time did Plaintiff provide Defendant with her express consent, written or otherwise, to be contacted on her cellular telephone using an autodialer or a prerecorded voice. Plaintiff also never consented to receive Wells Fargo's telemarketing calls to her landline telephone number, and she expressly requested both her numbers to be removed from Defendant's calling list.

13.     Fruitlessly, Plaintiff repeatedly communicated to each Wells Fargo's operator who called her that they had reached the wrong number and that she wished not to be called in the future. The operators often responded that they would make a notation on the file not to call Plaintiff's cellphone number. Nevertheless, Plaintiff continued receiving hundreds of calls.

14.     On or about September 24, 2016 Plaintiff connected on the phone with Leesa Whitt-Potter, Senior VP of Wells Fargo Home Lending, a division of Wells Fargo Bank, N.A., who assured her that Defendant would have opened an investigation as to why Plaintiff continued receiving unwanted and harassing phone calls from Wells Fargo to her landline telephone number ###-###-6522. On September 27, 2016, Defendant sent Plaintiff a letter confirming that an investigation would have started in response to Plaintiff's inquiry.

15.     On October 12, 2016, Plaintiff received a second letter from Defendant in which Well Fargo confirmed the results of their research: Plaintiff's number was mistakenly listed on a home mortgage account of another person, and Plaintiff's telephone number had been removed from those files.

16.     Plaintiff received a total of approximately 120 autodialed calls from Wells Fargo to her cellphone and landline during a period of 7 years regarding a home loan for "Ruth Phillips." The callers were offering some options to "Ruth Phillips" to save money on her home loan with Wells Fargo. Plaintiff answered approximately 96 of those calls.

CLASS ACTION COMPLAINT FOR DAMAGES -.4

17.     Plaintiff does not currently have, nor did she ever had, a business relationship with Wells Fargo.

18.     Plaintiff's number has been on the National Do Not Call Registry since January 2010.

19.     Plaintiff has suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." She therefore has standing to bring this action. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543, 578 U.S., 194 L. Ed. 2d 635 (2016). The kind of alleged injury here is particularized and concrete— supported by common law and legislative pronouncements. *See generally Mohamed v. Off Lease Only, Inc*., No. 1:15-cv-23352-MGC (S.D. Fla. Mar. 22, 2017) (explaining requirements of Article III standing).

**THE TELEPHONE CONSUMER PROTECTION ACT**

20.     The TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017).

21.     Specifically, 47 U.S.C. § 227(b) provides:

**(1) Prohibitions**

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\* \* \*

**(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

common carrier service, or any service for which the called party is charged for the call;

22.     Additionally, 47 C.F.R. § 64.1200(a)(2) provides:

**(a)** No person or entity may:
* * *
**(2)** Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.

23.     Next, 47 U.S.C. § 227(c)(1) provides:

**(1)Rulemaking proceeding required**
Within 120 days after December 20, 1991, the Commission shall initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

24.     Accordingly, 47 C.F.R. 64.1200(c)(2) states:

No person or entity shall initiate any telephone solicitation to:
(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

25.     Through the TCPA, Congress outlawed telemarketing via unsolicited automated

CLASS ACTION COMPLAINT FOR DAMAGES -.6

or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(10) (1991); *see also Mims*, 132 S. Ct. at 745.

26. The TCPA also prohibits any entity from initiating more than one telephone call to a person within any twelve month period when that person previously stated that they do not wish to receive telephone calls by or on behalf of the seller whose goods or services are being offered. 47 U.S.C. § 227(c)(5); see also 47 C.F.R. § 64.1200(d); 47 C.F.R. § 64.1200(e); In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, *Report and Order*, ¶ 167, CG Docket No. 02-278, FCC 03-153 (July 3, 2003).

27. In order to insure compliance with § 227(c)(5), companies are required to maintain an internal Do Not Call List.

28. Under § 227(b)(3), a person or entity may bring an action to recover actual monetary loss for a violation of the above prohibition or to receive $500 in statutory damages for each violation (which may be tripled in the event of a willful or knowing violation). *Id.* at § 227(b)(3). "The TCPA is essentially a strict liability statute" that "does not require any intent for liability except when awarding treble damages." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir.2011) (quoting *Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1311 (11th Cir.2008)).

29. To demonstrate a violation of the TCPA, a Plaintiff need only show that

CLASS ACTION COMPLAINT FOR DAMAGES -.7

Defendant called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice. *Breslow v. Wells Fargo Bank, NA*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012).

30.     While neither the TCPA nor FCC regulations provide a definition for willful and knowing, most courts have interpreted the willful or knowing standard to require only that a party's actions were intentional, not that it was aware that it was violating the statute. *Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 3d 217, 226 (D. Mass. 2014).

31.     With respect to telemarketing, the FCC has issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided to the individual. See 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer — providing permission in writing — to authorize autodialed or prerecorded telemarketing calls...."). *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1123-1124 (11th Cir. 2014).

32.     Congress also found in its passage of the TCPA that unregulated telemarketing was "intrusive," a "nuisance," and "rightly regarded" as an "invasion of privacy." *Mims*, 565 U.S. at 372 (internal citations and quotation marks omitted).

**CLASS ALLEGATIONS**

33.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

34.     Plaintiff brings this action on behalf of a class of similarly situated individuals consisting of:

> The No Consent class
> (i) All persons within the United States (ii) to whom Defendant, directly or through its agents, (iii) made a call to their cellular phone (iv) using the same or similar system that was used to call Plaintiff (v) within the four

years prior to the filing of the original Complaint; (vi) excluded from the class are those persons who provided his or her cell phone number to the Defendant in connection with the transaction that was the subject of the call, or who did not request not to receive calls.

The No Written Consent Sub Class
(i) All persons within the United States (ii) to whom Defendant, directly or through its agents, (iii) made a call to their cellular phone (iv) using any automatic telephone dialing system or an artificial or prerecorded voice (v) within the four years prior to the filing of the original Complaint, (vi) without first obtaining the prior express written consent of the recipient of the call.

The "Do Not Call" List Class
(i) All persons within the United States (ii) to whom Defendant, directly or through a vendor, (iii) made more than one call to their telephone (iv) within a twelve month period (v) within the four years prior to the filing of the original Complaint, (vi) where Defendant or a vendor's records show the person previously stated that he or she did not wish to received telephone calls from or on behalf of Defendant.

35.     Excluded from the class are the Defendant, any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

36.     **Numerosity:** Defendant has, upon information and belief, placed hundreds, if not thousands, of automatically dialed calls to consumers' cellular telephone numbers without their prior express consent— certainly more than forty. *Manno v. Healthcare Revenue Recovery Group, LLC*, No. 11-61357 SCOLA (S.D. Fla. Mar. 26, 2013) (the general rule of thumb in the Eleventh Circuit is that "less than twenty-one is inadequate, more than forty adequate). The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

CLASS ACTION COMPLAINT FOR DAMAGES -.9

37.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

38.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

39.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

40.     **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a)   Whether, within the four years prior to the filing of this action, Defendant used any automatic telephone dialing system or an artificial or prerecorded voice to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party);

    b)   Whether, within the four years prior to the filing of this action, Defendant used any automatic telephone dialing system or an artificial or prerecorded voice to make telemarketing calls;

CLASS ACTION COMPLAINT FOR DAMAGES -.10

c)   Whether Defendant placed its calls by automatic telephone dialing system without obtaining the recipients' valid prior express consent, or where applicable, prior express written consent;

d)   Whether Defendant placed telemarketing calls to persons who asked to be placed on Defendant's "Do Not Call" list;

e)   Whether Defendant had implemented, with due care, reasonable practices and procedures to prevent telemarketing calls to persons who were on Defendant's "Do Not Call" list;

f)   Whether Defendant had an established business relationship;

g)   Whether the Defendant's violations of the TCPA were willful or knowing; and

h)   Whether the Plaintiff and the class members are entitled to statutory damages as a result of the Defendant's actions.

41.   **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods of fair and efficient adjudication of this controversy, and joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense which would result from individual prospection of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual

controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## COUNT I

**Violation of the TCPA 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2)**

42.   Plaintiff re-alleges and incorporates paragraphs 1 through 41 as fully set forth herein.

43.   47 C.F.R. § 64.1200(a)(2) is a regulation prescribed under 47 U.S.C. § 227.

44.   It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a cellular telephone service…" 47 U.S.C. § 227(b)(1)(A)(iii).

45.   Defendant made unsolicited calls to Plaintiff's and the class members' cellular telephones, using an automatic telephone dialing system **or** an artificial or prerecorded voice.

46.   The calls were made without the Plaintiff's and the class members' prior express written consent, and were not made for any emergency purpose.

47.   Defendant's violation of the TCPA resulted in an invasion of Plaintiff's privacy and right to enjoy the full utility of her cellular device; a legally protected interest.

48.   47 U.S.C. § 227(b)(3) provides:

> **(3) Private right of action.** A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

CLASS ACTION COMPLAINT FOR DAMAGES -.12

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

49.     Defendant's calls violated the TCPA. *See* 47 U.S.C. § 227. Accordingly, Defendant is liable to Plaintiff and the class for statutory damages pursuant to section 227(b)(3)(B).

50.     For those of Defendant's calls that were willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and other members of the Class. *See* 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### Violation of the TCPA 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2)

51.     Plaintiff re-alleges and incorporates paragraphs 1 through 41 as fully set forth herein.

52.     47 C.F.R. § 64.1200(c)(2) is a regulation prescribed under 47 U.S.C. § 227.

It is a violation of the TCPA to "initiate any telephone solicitation to: (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations …" 47 C.F.R. § 64.1200(c)(2).

CLASS ACTION COMPLAINT FOR DAMAGES -.13

53.     Defendant made unsolicited calls to Plaintiff's and the class members' residential telephones who were registered on the "Do Not Call" list, using an automatic telephone dialing system **or** an artificial or prerecorded voice.

54.     The calls were made without the Plaintiff's and the class members' prior, express written consent, and were not made for any emergency purpose.

55.     Defendant's violation of the TCPA resulted in an invasion of Plaintiff's privacy and right to enjoy the full utility of his cellular device; a legally protected interest.

56.     47 U.S.C. § 227(c)(1) provides:

A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
(C) both such actions.

56.     Defendant's calls violated the TCPA. *See* 47 U.S.C. § 227. Accordingly, Defendant is liable to Plaintiff and the class for statutory damages pursuant to section 227(c)(5). Further, "If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." *See* 47 U.S.C. § 227(c)(5).

## COUNT THREE

### *Violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(e)*

57.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

CLASS ACTION COMPLAINT FOR DAMAGES -.14

58.     The Defendant violated the TCPA by calling persons who asked to be placed on Defendant's IDNC list.

59.     At all times relevant, Defendants did not have reasonable practices and procedures in place to effectively prevent telephone solicitations in violation of the TCPA as evidenced by its calls to Plaintiff who repeatedly requested Defendants stop calling.

60.     Defendant's calls violated the TCPA. *See* 47 U.S.C. § 227. Accordingly, Defendant is liable to Plaintiff and the class for statutory damages pursuant to section 227(c)(5). Further, "If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." *See* 47 U.S.C. § 227(c)(5).

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LYNN LAING, individually and on behalf of the Class, respectfully requests the following relief:

a.  An order certifying the Class as defined above, appointing Plaintiff LYNN LAING as the representative of the Class, and appointing Scott D. Owens and Eric W. Kem as Class Counsel;

b.  Judgment in favor of Plaintiff and the Class against Defendant, awarding statutory damages of $500 per call for each call placed in violation of the TCPA;

c. Judgment in favor of Plaintiff and the Class against Defendant, awarding damages of up to $1,500 per call for each call held to be placed willfully or knowingly;

d. To the extent provided by law, reasonable attorneys' fees and costs; and

e. Such other and further relief that the Court deems reasonable and just.

Dated: October 9, 2017

Respectfully submitted,

/s/ Eric W. Kem
Eric W. Kem (CA Bar No. 300666)
The Law Offices of Eric W. Kem, P.A.
2233 NW 41st St., Suite 700-H
Gainesville, FL 32606
Telephone: 352-275-7151
Facsimile: 844-536-2476
ekem@kemlawfirm.com

Scott D. Owens (Fla. Bar No. 0597651)*
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, FL 33091
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com
*pro hac vice pending

Attorneys for Plaintiff and the Putative Class

CLASS ACTION COMPLAINT FOR DAMAGES -.16